**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **NOVO NORDISK,** | |
| Plaintiff, | Case No.: 3:23-cv-668 |
| v. | Chief Judge Crenshaw |
| **DCA PHARMACY** | Magistrate Frensley |
| Defendants. | |

## DEFENDANT DCA PHARMACY, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SECOND MOTION TO DISMISS

The fact that Plaintiff Novo Nordisk's ("Novo" or "Plaintiff's") does not respond to the actual merits of DCA Pharmacy, Inc's ("Defendant" or "DCA") second motion to dismiss makes clear that Plaintiff's case, itself, lacks merit, and is being brought solely for the purpose of intimidation and harassment. Indeed, Plaintiff even references a sister case where a court granted a motion to dismiss *on the exact same Federal preemption grounds* Defendant asserts in its motion to dismiss. *See* ECF No. 40, Plaintiff's Memorandum of Law in Opposition ("PL's MOL") at 5 (*citing Novo Nordisck Inc. v. Brooksville Pharmaceuticals, Inc.,* No. 8:23-cv-1503, 2023 WL 7385819 (M.D. Fla. Nov. 8, 2023)). Further, Plaintiff alleges no cognizable harm and misapprehends the meaning of Fed. R. Civ. P. 12(h)(2). It is well settled that it is within the sound discretion of this Court to permit successive Fed R. Civ. P. 12(b)(6) motions, and applicable case law makes it clear this case is an instance where the Court should do so.

### I. Plaintiff Still Cannot Credibly Allege Harm For the Purpose of Standing

Plaintiff's exhortation that, at this stage, the court "must accept Novo's well-pleaded allegations of unfair competition" simply misstates the law in light of the Supreme Court's holding

1

in *Ashcroft v. Iqbal*: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face... the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). However, Plaintiff's conclusory allegations still fail to link Plaintiff's selling of an allegedly unapproved new drug to its alleged lost goodwill or sales. *See* Complaint, ECF No. 1 at ¶7. There are no allegations that Defendant used Plaintiff's trademarks, trade name, or anything of Plaintiff's at all. Indeed, there are no allegations that would link Plaintiff to Defendant *at all* except for the fact that they both sell drugs containing the semaglutide molecule, so it is unclear *how* Defendant's actions could harm Plaintiff's reputation. For the same reason, Plaintiff cannot credibly claim "lost customers."

Indeed, the cases cited by Plaintiff perfectly illustrate just how Plaintiff fails to allege any cognizable harm at all. As stated by Plaintiff:

> *Asurion, LLC v. Squaretrade, Inc.,* 407 F. Supp. 3d, 744, 751-752 (M.D. Tenn. 2019) (competitor has standing under ZTCPA where it alleged defendant's misleading advertisements disparaged its product and caused injury); *Ciccio v. SmileDirectClub, LLC,* No. 3: 19-cv-00845, 2020 WL 2850146, at *13 (M.D. Tenn. June 2, 2020) (allegations that plaintiff lost business due to defendant's false statements sufficient to allege an injury for TCPA standing)

Pl's MOL at 4. Where are the allegations of disparaging or even false statements in Plaintiff's complaint? Indeed, where are there any allegations that Defendant has made *any statements at all*? Plaintiff's complaint is solely about Defendant's legal compounding of a drug containing the same molecule as Plaintiff's drug during a period of time that the FDA said that the drug was in shortage. Lastly, Plaintiff's utterly misstates the holding in *Taylor v. Thomas,* 624 F. App'x 322, 327-28 (6th Cir. 2015). *Id* at 3. The holding in *Taylor* was predicated on the fact that the Defendant had *infringed on the Plaintiff's trademark*: "To state a claim under the TCPA, a plaintiff must demonstrate that she suffered an ascertainable loss of money or property ... or any

2

other ... thing of value as a result **of the defendant's infringement.**" *Taylor v. Thomas*, 624 F. App'x 322, 327 (6th Cir. 2015) (emphasis added and internal quotations omitted). The fact that there are no allegations of infringement of *any kind* in this case underscore how Plaintiff has failed to allege any redressable injury.

However, even if this Court agrees Plaintiff has standing, which it respectfully does not, its Complaint should still be dismissed because Plaintiff's response only confirms that it is indeed attempting to step into the shoes of the FDA, which as Defendant detailed in its initial moving papers, is squarely barred by the dictates of the FDCA. Plaintiff's cause of action is so meritless it does not even attempt to respond to the merits of Defendant's preemption argument, instead requesting a second opportunity to respond. *See* Plaintiff's MOL at FN 1. Plaintiff's request is palpably improper as it chose not to make substantive arguments against Defendant's preemption claim and offers no caselaw in support as to why it should get a second bite at the apple.

## II.    Defendant's Second Motion to Dismiss is Not Barred by Fed. R. Civ. P. 12(h)(2) because this Court Did Not Consider Its First One

Defendant disagrees with Plaintiff's claim that Defendant's motion to dismiss is barred by Fed R. Civ P. 12(g)(2). Fed R. Civ P. 12(g)(2) is a creature of judicial economy, and as stated in one of the earliest Sixth Circuit cases to address this issue, "[Fed. R. Civ. P. 12(g)(2)] is intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal *consideration* of pretrial motions." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (emphasis added). What Plaintiff fails to appreciate is that this Court did *not* consider Defendant's first motion to dismiss, because Defendant voluntarily sought leave to withdraw it from the Court. Indeed, it is within the sound discretion of this Court to adjudicate a second motion to dismiss:

3

A number of federal district courts in this circuit have, however, recognized that courts have discretion to permit second or successive pre-answer Rule 12(b) motions under certain circumstances.

Specifically, courts have "allowed a second Rule 12(b) motion to be filed provided: (1) there is no evidence the subsequent motion was filed simply to delay the action; and (2) there is no reason to think that the motion was filed to create an inconvenience for the plaintiff." *Brooks v. Hoffman*, No. 3:13-cv-278, 2014 WL 2818991, at *2 (E.D. Tenn. June 19, 2014); *accord Kepley v. Lanz*, No. 3:10-cv-695, 2015 WL 1978706, at *4 (W.D. Ky. May 1, 2015); *SBAV, LP v. Porter Bancorp, Inc.*, No. 3:13-cv-710, 2014 WL 1257018, at *10 (W.D. Ky. Mar. 26, 2014); *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 948–49 (W.D. Tenn. 1999). These decisions recognize that there is little practical difference between permitting a second pre-answer Rule 12(b) motion and awaiting an inevitable Rule 12(c) motion on the same grounds, at least absent any evident danger of prejudice or undue delay. *See Kepley*, 2015 WL 1978706, at *4 (finding that denying leave to file a second Rule 12(b) motion would "delay the progress of the case," contrary to "the interests of justice and efficiency".

*Zambon v. Dollar Tree Pigeon Forge*, No. 3:17-CV-377-TAV-HBG, 2018 WL 11463594, at *2 (E.D. Tenn. Feb. 13, 2018). It is clear that the current case fits both parts of the *Zambon* test to a tee. It cannot be fairly said that Defendant's actions were dilatory when absent Defendant's unilateral motion to withdraw its first motion to dismiss, this Court may have been still reviewing that motion. There can be no finding of delay because even if Defendant had included its preemption argument in its first motion to dismiss, said motion was still pending as of January 23, 2024, one month ago, when the Court granted Defendant's motion to withdraw its first motion.

It also cannot be said that Defendant's second motion to dismiss is made to inconvenience Plaintiff, as it was made on the same grounds that a sister court in Florida used to dismiss a nearly *identical complaint* against the *same Plaintiff.* And given that Plaintiff directly references that case in its opposition, Plaintiff is well aware of the merits of Defendant's argument.

The cases cited by Plaintiff do not arrive at a contrary result, as they all revolve around a defendant filing a second motion to dismiss after its first one was denied, which would be a dilatory

tactic. *See JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 615 F. Supp. 3d 750, 758 (M.D. Tenn. 2022) ("On October 2, 2020, the Court denied Mankey's Motion to Dismiss (asserting a lack of personal jurisdiction) and granted in part and denied in part Leech Tishman's Motion to Dismiss."); *Dowell v. Bernhardt*, No. 3:19-CV-00105, 2019 WL 6909461, at *2 (M.D. Tenn. Dec. 19, 2019)(Defendant requesting ruling on a second motion to dismiss "as though his first motion to dismiss has not already been denied."); *Howard v. Wilkes & McHugh, P.A.*, No. 06-2833-JPM/TMP, 2008 WL 11410066, at *2 (W.D. Tenn. Mar. 18, 2008) ("The Court denied Defendants' Motions to Dismiss the original Complaint brought by Plaintiff Howard."). Obviously, judicial economy would not be preserved by permitting litigants to have the court *determine* successive motions to dismiss. But when a motion to dismiss is withdrawn prior to its adjudication, a second one cannot be fairly said to be dilatory or wasteful, as this Court has not expended efforts considering the first one. As made clear by the court in *Zambon*, judicial economy all but demands adjudication of this motion, rather than wait for essentially the same motion under Fed. R. Civ. P. 12(c).

Plaintiff also deliberately misstates Defendant's point regarding a potential Fed. R. Civ. P. 12(c) motion.  The full quote from Defendant's opening brief is as follows: "Nevertheless, if this Court disagrees that Defendant is permitted to make this motion, Defendant **intends to file an answer** and convert this motion into a Fed R. Civ. P. 12(c) motion, which may be made at any time after the close of pleadings. ECF No. 39 at FN 1 (emphasis added). Defendant was merely putting the Court on notice that it intended to pursue its preemption argument after the close of pleadings, if necessary, essentially making the same point the *Zambon* court did, that "there is little practical difference between permitting a second pre-answer Rule 12(b) motion and awaiting an

inevitable Rule 12(c) motion on the same grounds, at least absent any evident danger of prejudice or undue delay." *Zambon,* 2018 WL 11463594, at *2.

## CONCLUSION

For all the above reasons this Court should grant Defendants' motion to dismiss.

Respectfully Submitted,

BARTON LLP

*/s/ Marc O. Dedman*
Marc O. Dedman, BPR 014044
611 Commerce Street, Suite 2603
Nashville, TN 37203
mdedman@bartonesq.com
Tel: 615-340-6790
*Attorney for DCA Pharmacy*

## CERTIFICATE OF SERVICE

I certify that, on February 21, 2024, I filed the foregoing via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Steven A Riley
Milton S. McGee III
Joseph K Robinson
RILEY & JACOBSON, PLC
sriley@rjfirm.com
tmcgee@rjfirm.com
jrobinson@rjfimr.com

Gregory L. Halperin
Michael X. Imbroscio
Amee Frodle
COVINGTON & BURLING LLP
ghalperin@cov.com
mimbroscio@cov.com
afrodle@cov.com

*/s/Marc O. Dedman*
Marc O. Dedman

6